The Honorable Jay Bradford State Senator Post Office Box 8367 Pine Bluff, Arkansas 71611
Dear Senator Bradford:
This is in response to your request for an opinion concerning the sale and distribution of tickets to sporting events sponsored by state supported colleges or universities. You have presented the following questions:
 1. What authority (i.e. statute) allows state supported colleges and universities to give preference to contributors on tickets to sporting events?
 2. Should tickets be sold at a state supported college or university on a first come basis because the tax dollars are collected from the general population?
3. Would the practice be upheld if challenged in court?
Initially, I must state that conclusive answers to your questions will require factual determinations, which are outside the scope of an Attorney General opinion. While I am therefore unable to opine definitively on your questions, the following general discussion should provide some guidance.
I have found no relevant state statute that addresses the sale and distribution of tickets to sporting events sponsored by state supported colleges or universities. Generally, the board of trustees of a college or university is granted broad authority regarding the management and control of the school. For example, A.C.A. § 6-64-202 provides in part that the Board of Trustees of the University of Arkansas is "made a body politic and corporate and shall have all the powers of a corporate body, subject to the Constitution and laws of the State of Arkansas." In addition, A.C.A. § 6-64-203 gives the board the "power to prescribe all rules and regulations for the government and discipline of the university, subject to the provisions of this subchapter and such other acts of the Generally Assembly as may be prescribed." In sum, the sale and distribution of tickets to a sporting event is most likely a matter within the province of the board of trustees of the college or university, so long as no law is violated.
Although it is somewhat unclear as to what type of "preference to contributors" you are referring to in your first question, I assume that you are generally referring to the practice of permitting individuals that contribute to the college or university to purchase tickets to sporting events prior to the general public.[1] In addition, your opinion request does not indicate which, if any, constitutional or statutory provisions you believe may be implicated by the "preference to contributors." Because, however, you ask whether tickets should be sold on a "first come basis" and the "preference to contributors" appears to differentiate between the members of the general public who have "contributed" to the college or university and all other members of the general public, I assume your concern is primarily that the disparate treatment could constitute a denial of equal protection of the laws to those members of the public who have not "contributed" to the college or university.
It appears that such a "preference to contributors" is a classification based upon financial status; therefore, it is my opinion that a court would merely use a "rational basis" standard of review in determining whether such a system constitutes a denial of equal protection. The "rational basis" test would be the appropriate standard because the United States Supreme Court has rejected the suggestion that statutes having different effects on the wealthy and the poor should on that account alone be subjected to strict equal protection scrutiny, seeKadrmas v. Dickinson Public Schools, 487 U.S. 450 (1988), and, presumably, no fundamental rights are involved. Under the "rational basis" test, the court will merely consider whether any rational basis exists which demonstrates the possibility of a deliberate nexus with state objectives, so that the state action is not the product of utterly arbitrary and capricious government purpose and void of any hint of deliberate and lawful purpose. See Reed v. Glover, 319 Ark. 16,889 S.W.2d 729 (1994). This is an extremely lenient test, and any party that challenged the state action would have the burden of proving that the action was not rationally related to achieving any legitimate objective of state government under any reasonably conceivable state of facts. SeeReed, supra.
In my opinion, the practice of permitting individuals who have contributed to the college or university to purchase tickets to sporting events prior to the general public is not completely devoid of a legitimate purpose. The board of trustees may reasonably employ such strategies to encourage private support of public higher education. Accordingly, it is my opinion that the type of "preference to contributors" contemplated by your request is supported by a rational basis and could in all likelihood withstand an equal protection challenge. It must, however, be noted that because the outcome of any litigation will turn largely upon the evidence that is presented to the court, and upon the court's acceptance or rejection of such evidence, I am not in a position to predict the likelihood of any party's success in such litigation.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Whether a specific university or college is giving any "preference" to contributors would be a question of fact.